Filed 8/5/25  P. v. Walker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD WALKER II,<br><br>Defendant and Appellant. | F087318<br><br>(Super. Ct. No. 1091957)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2006, a jury convicted Michael Edward Walker II (appellant) of two counts of attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a)),[1] four counts of assault with a deadly weapon (§ 245, subd. (a)(1)), and other offenses, and found true numerous gang, firearm, and great bodily injury enhancements. The trial court sentenced appellant to 50 years to life plus 57 years in state prison. As pertinent here, the court imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b).

Appellant has been resentenced multiple times since his initial sentencing. Most recently, in 2023, appellant was resentenced following a prior appeal because his sentence included a now invalid prior prison term enhancement (§ 667.5, subd. (b)). (See § 1172.75, subd. (a).) The restitution fine was not addressed at the resentencing hearing, but the amended abstract of judgment reflects a $10,000 restitution fine.

This appeal is taken from the 2023 resentencing. Appellant's sole claim on appeal is the restitution fine must be vacated pursuant to section 1465.9, subdivision (d) (hereinafter section 1465.9(d)), which provides that any such fine "shall be vacated" 10 years after the "date of imposition." We agree. We vacate appellant's restitution fine and otherwise affirm.

# BACKGROUND

In 2006, a jury convicted appellant of 13 offenses related to a series of shootings in Modesto, California. His convictions included two counts of attempted murder (§§ 664, subd. (a), 187, subd. (a)), four counts of assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of shooting at an occupied vehicle (§ 246), and assault with a firearm (§ 245, subd. (a)(2)).[2] The jury also found true numerous enhancements for

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We need not discuss the underlying facts because they are not relevant to appellant's claim on appeal. For a detailed description, see our opinion affirming appellant's conviction. (*People v. Walker* (May 20, 2009, F052529) [nonpub. opn.].)

personal use of a firearm (§§ 12022.53, subds. (b), (c), (d), 12022.5, subd. (a)), personal infliction of great bodily injury (§ 12022.7, subd. (a)), and acting for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Appellant admitted having suffered a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and having served a prior prison term (§ 667, subd. (b)).

In December 2006, the trial court sentenced appellant to an aggregate term of 50 years to life plus 57 years. The court also imposed a restitution fine of $10,000 pursuant to section 1202.4, subdivision (b). We affirmed the judgment on appeal. [3] (*People v. Walker*, *supra*, F052529.)

In August 2016, the trial court granted an unopposed portion of a petition for writ of habeas corpus in which appellant claimed several of his gang and firearm enhancements must be stayed. Appellant's claim was based on *People v. Rodriguez*, which held a single act of personally using a firearm cannot both support a section 12022.5, subdivision (a) firearm enhancement and elevate punishment for a gang enhancement under section 186.22, subdivision (b)(1)(C). (*People v. Rodriguez* (2009) 47 Cal.4th 501, 504 (*Rodriguez*).) In accordance with *Rodriguez,* the court stayed two gang enhancements and one firearm enhancement.[4]

In June 2018, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court pursuant to former section 1170, subdivision (d), requesting the court review appellant's sentence in light of *People v. Gonzalez* (2009) 178 Cal.App.4th 1325. Similar to *Rodriguez*, *Gonzalez* held a single act

---

**3**     Appellant's unopposed request for judicial notice of the following nonpublished opinions is hereby granted: *People v. Walker*, *supra*, F052529; *People v. Walker* (June 4, 2019, F077687) [nonpub. opn.]; *People v. Walker* (Apr. 20, 2022, F079933) [nonpub. opn.].

**4**     The instant record on appeal does not include clerk's transcripts or reporter's transcripts from the 2016 habeas proceeding. Our description of the proceeding is based solely on our prior opinion, *People v. Walker, supra*, F079933.

of inflicting great bodily injury cannot both support a section 12022.5, subdivision (a) firearm enhancement and elevate punishment for a gang enhancement under section 186.22, subdivision (b)(1)(C).  (*Gonzalez,* at pp. 1331–1332.)

In response to the CDCR's letter, the trial court resentenced appellant.  At the 2019 resentencing hearing, the court stayed two section 12022.7, subdivision (a) great bodily injury enhancements.  The restitution fine was not mentioned during the resentencing hearing, but the ensuing abstract of judgment showed a $10,000 restitution fine.

Appellant appealed from the 2019 resentencing hearing, contending, inter alia, that his prior prison term enhancement (§ 667.5, subd. (b)) must be stricken in light of newly enacted legislation.  (*People v. Walker*, *supra*, F079933.)  We concluded the enhancement was invalidated by Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, § 3).  Effective January 1, 2022, Senate Bill 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code.  Subdivision (a) of that section provides that effectively any prior prison term enhancement "imposed prior to January 1, 2020, … is legally invalid."[5]  (§ 1172.5, subd. (a).)  Accordingly, we remanded the matter for the trial court to strike the prior prison term enhancement, and to resentence appellant.

Following remand, the trial court appointed counsel and calendared the matter for resentencing.  At the resentencing hearing, the court struck the prior prison term enhancement.  The court also struck the remaining gang enhancements in light of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 1–5).  The court then resentenced appellant to an aggregate term of 50 years to life plus 26 years and eight

[5]    The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (§ 1172.75, subd. (a).)

months. The court and parties did not address the restitution fine during the resentencing proceedings, but the ensuing abstract of judgment reflects a restitution fine of $10,000.

## DISCUSSION

**I. The Restitution Fine Must be Vacated Pursuant to Section 1465.9(d).**

Effective January 1, 2025, Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill 1186) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." The parties agree, as do we, that this provision applies retroactively to appellant's sentence. (See *In re Estrada* (1965) 63 Cal.2d 740, 744 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].)

Appellant claims the restitution fine must be vacated pursuant to section 1465.9(d) because more than 10 years have elapsed since the restitution fine was imposed in 2006. Respondent counters that the restitution fine was "re-imposed" each time appellant was resentenced, and thus, the "date of imposition" is the date of the 2023 resentencing hearing.

**II. Standard of Review.**

The parties' dispute raises a question of statutory interpretation, which is a question of law subject to this court's independent review. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

"[T]he fundamental goal of statutory interpretation is to ascertain and carry out the intent of the Legislature." (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) "We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a

5.

whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

### III. The Restitution Fine Was Imposed in 2006 When Appellant Was Originally Sentenced. Accordingly, More Than 10 Years Have Elapsed Since the Date of Imposition, and the Restitution Fine Must be Vacated.

Section 1202.4, subdivision (b), provides that the sentencing court "shall impose a … restitution fine" in "every case where a person is convicted of a crime." Imposition of the restitution fine is mandatory unless the court finds "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4 subd. (c).) The court "may only impose one restitution fine per case," regardless of the number of victims or counts. (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 22.) If the defendant is convicted of a felony, the fine must be between $300 and $10,000. (§ 1202.4, subd. (b)(1).) Within that range, the sentencing court "has broad discretion to set the amount of the restitution fine." (*People v. Thompson* (2022) 83 Cal.App.5th 69, 121; see § 1202.4, subd. (d).)

Here, the trial court imposed the maximum restitution fine of $10,000 when appellant was sentenced in 2006. Although appellant's sentence was reduced at the 2016 habeas proceeding, and he was resentenced in 2019 and 2023, the restitution fine has always remained at $10,000. Nothing in the record indicates the court modified or reconsidered any aspect of the restitution fine after the 2006 sentencing hearing. Each time appellant was resentenced, the restitution fine remained unchanged without objection or discussion on the record.

Relief under section 1465.9(d) is determined by "the date of imposition of a restitution fine." Considering that appellant's restitution fine has remained in effect and unchanged since it was imposed in 2006, the plain and commonsense meaning of the statutory language leads us to conclude the "date of imposition" is the 2006 sentencing date.

Respondent contends that each time appellant was resentenced, the restitution fine was vacated, then "re-imposed" as part of the new sentence. In respondent's view, the "date of imposition" of the restitution fine is the date of appellant's most recent resentencing hearing, which occurred in 2023.

We recognize that when a portion of a sentence is corrected or stricken, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) "[O]nce a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*People v. Padilla* (2022) 13 Cal.5th 152, 163.) On resentencing, the trial court has "jurisdiction to modify *every* aspect of the sentence," including the restitution fine. (*Buycks,* at p. 893, see *People v. Rosas* (2010) 191 Cal.App.4th 107, 117; *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34.)

However, we are not persuaded that the resentencing proceedings created a new "date of imposition" for purposes of section 1465.9(d). " '[T]he words of [a] statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357.) The statutory purpose of section 1465.9(d) is evident from its terms – to relieve criminal defendants from outstanding restitution fines that have been in effect for more than 10 years. Where, as here, a defendant is resentenced without modification to the restitution fine, the defendant remains in the same position. But for the technical

7.

"reimposition" of the restitution fine as part of the resentencing proceeding, the fine remains unchanged. Construing the "date of imposition" to encompass a resentencing hearing that had no practical effect on the restitution fine would delay application of the statute for no reason other than the fact of the resentencing. Such an interpretation would be "contrary to the legislative intent apparent in the statute." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

Our interpretation is similarly supported by the legislative history of Assembly Bill 1186. Its author explained the bill would "vacate debt for … restitution fines that are older than 10 years," because such debts "compound the collateral consequences of an adjudication or conviction [and] exacerbate the cycle of poverty." (Sen. Com. On Public Safety, Analysis of Assem. Bill 1186 (2023–2024 Reg. Sess.) as amended June 24, 2024, p. 4.) Respondent's proposed statutory construction would frustrate this clear legislative intent by delaying relief for defendants who are resentenced without modification to the restitution fine, extending the life of the fine for another 10 years.

We also agree with appellant that construing the date of imposition to be the date of resentencing would produce absurd results. (See *People v. Mendoza* (2000) 23 Cal.4th 896, 908 [we must "avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend"].) Criminal defendants are often resentenced following successful claims on appeal or collateral review, or upon the enactment of ameliorative legislation. Here, appellant was most recently resentenced following his meritorious claim on appeal that his prior prison term must be stricken in light of Senate Bill 483, which had the effect of reducing his sentence by one year. If we construed section 1465.9(d)'s 10-year clock as resetting after every resentencing, defendants would be penalized for successfully obtaining a reduction in sentence. (Cf. *People v. Ali* (1967) 66 Cal.2d 277, 281 ["[A] defendant should not be required to risk being given greater punishment on a retrial for the privilege of exercising his right to appeal."].) We have no reason to believe the Legislature intended to arbitrarily delay relief for defendants who

have been resentenced, particularly where the resentencing had no effect on the restitution fine.

Considering the language of section 1465.9(d) and its apparent statutory purpose and legislative history, our independent review reveals the "date of imposition" is the date appellant's restitution fine was imposed in 2006. Because more than 10 years have elapsed since the date of imposition, we order the restitution fine vacated.

<strong><u>DISPOSITION</u></strong>

The $10,000 restitution fine imposed pursuant to section 1202.4, subdivision (b), is vacated. The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated. The trial court shall then forward the amended abstract of judgment to the appropriate entities. In all other respects, the judgment is affirmed.


LEVY, Acting P. J.

WE CONCUR:


DETJEN, J.


MEEHAN, J.

9.